685 F.2d 93
 111 L.R.R.M. (BNA) 2087
 ADJUTANT GENERAL, DEPARTMENT OF MILITARY AFFAIRS,
Commonwealth of Pennsylvania, Department of
Defense, Petitioners,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
v.
ASSOCIATION OF CIVILIAN TECHNICIANS, INC., Pennsylvania
State Council, Intervenor.
 No. 82-3052.
 United States Court of Appeals,
Third Circuit.
 Submitted July 26, 1982.
Decided Aug. 4, 1982.
As Amended Aug. 11, 1982.
 
 On Petition to Review a Decision and Order of the Federal Labor Relations Authority.
 William Kanter, Sandra Wien Simon, Attys., Dept. of Justice, Washington, D.C., for petitioners.
 Mary-Elizabeth Medaglia, Associate Sol., William R. Tobey, Atty., Federal Labor Relations Authority, Washington, D.C., for respondent.
 Bruce E. Endy, Meranze, Katz, Spear & Wilderman, Philadelphia, Pa., for intervenors.
 Before GIBBONS and HUNTER, Circuit Judges, and LORD, District Judge.*
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This case is before us on a petition by the Adjutant General, Department of Military Affairs, Commonwealth of Pennsylvania, and Department of Defense to review a decision and order of the Federal Labor Relations Authority. Association of Civilian Technicians, Inc., Pennsylvania State Counsel and The Adjutant General, Department of Military Affairs, Commonwealth of Pennsylvania, Case No. O-NG-154, reported at 7 FLRA No. 52. The Authority has filed a cross-application for enforcement of its decision and order. The petition for review challenges the authority's determinations as to union proposals for provisions in a collective bargaining agreement between the union of National Guard Technicians and the Pennsylvania National Guard, concerning grievance and arbitration (Nos. 6 and 7) and Training (No. 5). The petitioners have moved for summary reversal with respect to the grievance and arbitration provisions on the ground that New Jersey Air National Guard v. Federal Labor Relations Authority, 677 F.2d 276 (3d Cir. 1982), reh. denied, May 11 and May 24, 1982, is controlling. They have also withdrawn their petition with respect to the training issue. The Authority concedes that on the grievance and arbitration clauses the New Jersey Air National Guard case controls in this circuit. Thus it advances no objection to the motion for summary reversal. It points out, however, that a summary reversal should be without prejudice to the court's consideration of its petition for enforcement of the remaining parts of its decision. An intervenor, the Association of Civilian Technicians, Inc., Pennsylvania State Council, opposes summary reversal, but on grounds which in this circuit are foreclosed by the New Jersey Air National Guard case.
 
 
 2
 The motion for summary reversal of the Authority's decision with respect to the grievance and arbitration provisions will be granted. Since the petitioners and intervenor have not yet taken a position with respect to enforcement of the remaining provisions of the Authority's decision and order, the Clerk will fix a time within which the petitioners or intervenor shall file a brief in opposition to enforcement of those provisions. Cf. Local Rule 26, United States Court of Appeals for the Third Circuit.
 
 
 
 *
 Hon. Joseph S. Lord, III, Chief Judge Emeritus, United States District Court for the Eastern District of Pennsylvania, sitting by designation